

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**ENTERED**
**08/27/2013**

| | | |
|---|---|---|
| IN RE: | § | |
| BOBBY JACK LAY | § | CASE NO: 11-20312 |
|     Debtor(s) | § | |
| | § | CHAPTER  13 |
| | § | |
| BOBBY JACK LAY, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 13-02008 |
| | § | |
| BANK OF AMERICA | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL ADVERSARY COMPLAINT

On this day came on for consideration the Motion to Dismiss filed by Defendant Bank of America, N.A. (BANA) seeking dismissal of the claims asserted by Plaintiffs Bobby Jack Lay and Debra L. Lay (the Lays) in *Plaintiff's* [sic] *Original Complaint to Cancel Alleged Assignment and to Avoid Lien* pursuant to Bankruptcy Rule 7012(b)(6) (incorporating Rule 12(b)(6) of the Federal Rules of Civil Procedure). The Court, having heard the evidence and arguments of counsel, finds as follows.

### BACKGROUND

According to the Lays' allegations and the publicly available records—which for the purposes of this motion are taken as true—the Lays executed a Deed of Trust on September 13, 2006 (the "Deed of Trust") granting a first lien against the property located at 1114 West Tern Lane, Rockport, Texas 78382-3232 (the Property) to secure repayment of a promissory note in the original principal amount of $161,500.00 (the Note). Pursuant to the express terms of the Deed of Trust, "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's

successors and assigns) and the successors and assigns of MERS." The Lays "underst[oo]d and agree[d] . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to execute any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender."

The acronym MERS stands for "Mortgage Electronic Registration Systems, Inc." MERS is a privately held corporation operating an electronic registry for the tracking of servicing rights and ownership of mortgage loans. MERS allows the financial industry to trade mortgage-backed securities without the cumbersome requirements of local recording in property records each time a mortgage is sold.

On April 21, 2011, MERS executed a Corporation Assignment of Deed of Trust Mortgage (the "Assignment") transferring the Deed of Trust to The Bank of New York ("BONY"). Pursuant to the pooling and servicing agreement (the "PSA") filed with the Securities and Exchange Commission governing this securitized trust, Countrywide Homes Loans Servicing LP was appointed the master servicer of the loan. Effective April 19, 2009, Countrywide Home Loans Servicing, LP changed its name to BAC Home Loans Servicing, LP. Effective July 1, 2011, BAC Home Loans Servicing, LP merged into BANA, with BANA being the surviving entity.

On June 3, 2011, Bobby Jack Lay filed for Chapter 13 and scheduled BANA as a secured creditor for a "conventional real estate mortgage" collateralized by his "homestead," which is identified in the schedules as the Property. Bobby Jack Lay did not indicate any dispute to this debt. Bobby Jack Lay also submitted three Chapter 13 plans identifying BANA as the secured creditor on his homestead to receive payments on the loan. On April 15, 2013, the Chapter 13 trustee filed a motion to dismiss Bobby Jack Lay's bankruptcy because Bobby Jack Lay failed to make payments to the trustee. The Lays filed this suit four days later.

In this suit, the Lays make note of the fact the Note "makes no reference to MERS," but that "MERS purported to assign the Deed of Trust and Note to [BONY]."[15] The Lays further claim there is "no recorded assignment of the Deed of Trust or note to [BANA]" and "no evidence of any assignment or contract right of [BANA] to service the loan filed of record." "Even if the assignments [*sic*] were valid, with the proper party has holder and beneficiaty [*sic*]," the Lays allege "the MERS system creates no valid lien because it separates the ownership of the note from the ownership of the security for the note, the Deed of Trust." Relying on *McCarthy v. BAC Home Loans Servicing, LP*, No. 4:11-CV-356-A, 2011 WL 6754064 (N.D. Tex. Dec. 22, 2011), the Lays claim that if the Note is split from the Deed of Trust "the deed of trust serves no purpose, is impotent, and cannot be a vehicle for depriving the grantor of the deed of trust of ownership of the property described in the deed of trust." Finally, the Lays conclude "there is no evidence that [BANA] owns or holds the Note the payment of which is secured by the Deed of Trust assigned to [BONY]." Based upon these allegations, the Lays request a declaratory judgment from the Court finding the Lays have "no obligation to [BANA]" and request the Deed of Trust be "cancelled."

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). A plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). A plaintiff must instead plead facts, and those facts "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 127 S. Ct. 1955, 1964–65 (2007). The facts actually pleaded must, on their face, give rise to a plausible claim

3 / 7

for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

The Lays challenge the validity of the Assignment from MERS because MERS is not a party to the Note. MERS has the authority to assign its interest in the Deed of Trust whether or not it has an interest in the Note. Texas law recognizes the validity of an assignment from MERS whether or not it had an interest in the Note. The following is not disputed: (1) MERS was named as the beneficiary in the Deed of Trust and as nominee of the original lender and its successors and assigns; (2) as beneficiary, MERS's powers included "taking any action required of Lender;" and (3) MERS, as nominee for the original lender and its successors and assigns, executed the Assignment.

Under Texas law, MERS had the power to transfer its rights and interests in the Deed of Trust. *See Richardson v. CitiMortgage, Inc.*, No. 6:10-cv-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010) ("Under Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale . . . MERS was the nominee for Southside Bank and its successors and assigns. MERS had the authority to transfer the rights and interests in the Deed of Trust to CitiMortgage.").  That MERS had no express rights in the Note is of no consequence. *See Eskridge v.Federal Home Loan Mortg. Corp.*, 2011 WL 2163989, at *5 ("As MERS is a beneficiary and nominee for both the originating lender and its successors and assigns by the express language in the Deed of Trust, the situation falls within an exception to the general rule that a party holding only the deed of trust cannot enforce the mortgage."); *see also Wigginton v. Bank of New York Mellon*, No. 3:10-CV-2128-G, 2011 WL 2669071, at *2-3 (N.D. Tex. July 7, 2011) (allegations that "MERS assigned its interest in the deed to Mellon . . . [a]nd the deed of trust, on its face, grants MERS a right to foreclose upon Wigginton's default, a right Mellon acquired vis-à-vis MERS' transfer of its interest" does not sustain a claim for breach of contract, unreasonable collection efforts and defamation). Because MERS did have the authority to assign its interest,

whether it had an interest in the Note or not, the Lays' claim that the Assignment is invalid can support no claim for relief.

In addition, the Lays' assertion of the so-called "split-the-note," or bifurcation, theory has no traction under Texas law. *See, e.g.*, *Bierwirth v. BAC Home Loans Servicing, LP*, No. 03-11644-CV, 2012 WL 3793190 (Tex. App.—Austin Aug. 30, 2012).  Moreover, the Lays' reliance on *McCarthy v. BAC Home Loans Servicing, LP*, No. 4:11-CV-356-A, 2011 WL 6754064, at *4 (N.D. Tex. Dec. 22, 2011) is misplaced. *McCarthy* stands for the proposition that only the owner or holder of the Note can enforce the Deed of Trust. The Court rejects the minority view in *McCarthy* because it stands against the conclusion reached by almost every other court in Texas, both State and Federal. *See, e.g. Bierwirth, supra.* at n.7. *McCarthy*'s reasoning and the "split-the-note" theory have not been embraced by Texas state courts and federal courts that have addressed the issue and interpreted Texas law."); *Kramer v. Fed. Nat'l Mortg. Ass'n*, No. A-12-CA-276-SS, 2012 WL 3027990, at *6-7 (W.D. Tex. May 15, 2012) (expressly disagreeing with reasoning of *McCarthy*); *Hill v. Bank of New York Mellon*, No. 6:12-cv-83-WSS (W.D. Tex. May 16, 2012) (unpublished). A party who otherwise qualifies as a mortgagee or mortgage servicer is not required to own or hold the Note in order to enforce the Deed of Trust and this theory cannot support the Lays' requested relief.

To the extent the Lays claim they are entitled to relief because BANA does not own or hold the Note, they are mistaken. Even if BANA were the mortgagee this would not be true, because neither a mortgagee nor a mortgage servicer is required to own or hold the Note in order to foreclose the Deed of Trust.

The Lays' argument appears to conflate the enforcement of the Note with enforcement of the Deed of Trust. These are, however, two separate and distinct rights governed by two separate and distinct statutes. *See, e.g.*, TEX. BUS. & COM. CODE § 9.109(d)(11) (UCC does *not* govern the foreclosure of security interests in real property); *Bierwirth v. BAC Home Loans Servicing, LP*,

*supra*, 2012 WL 3793190, at *5-6 ("this Court rejected the argument that a note and its security are inseparable by recognizing that the note and the deed-of-trust lien afford distinct remedies on separate obligations—the note against the borrower and the lien against the real property. For this reason, a lien creditor may pursue foreclosure of a lien against real property under the deed of trust independent of any personal action against the borrower for collection on the note.").

The only statute governing the enforcement of a deed of trust which creates a lien against real property is chapter 51 of the Texas Property Code. *See Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 603 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *see also* TEX. PROP. CODE § 51.002 ("Sale of Property Under Contract Lien"). Chapter 51 authorizes a "mortgagee" to enforce a security instrument through a non-judicial foreclosure sale, either directly or through a mortgage servicer. TEX. PROP. CODE § 51.0025 ("A mortgage servicer may administer the foreclosure of property under section 51.002 on behalf of a mortgagee if . . ."); *see also* TEX. PROP. CODE § 51.0001(3) (recognizing "[a] mortgagee may be the mortgage servicer"). Pursuant to chapter 51, a "mortgagee" is defined in a number of different ways, including "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4)(c). Here, the assignment of the Deed of Trust to BONY unequivocally establishes BONY's status as a mortgagee and authorizes it to foreclose the Deed of Trust whether or not it owns or holds the Note.[30] *Bierwirth*, 2012 WL 3793190, at *4; *see also Torello v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 1888134 at *3 (N.D. Tex. 2012) ("there is no requirement that a mortgagee also hold the note."); *Griffin v. BAC Home Loans Servicing, LP*, No. H-09-03842, 2011 WL 675285, at *2 (S.D. Tex. Feb. 26, 2011). BANA's status as BONY's mortgage servicer makes BANA likewise entitled to enforce the Deed of Trust whether or not it owns or holds the Note. *See Broyles v. Chase Home Fin.*, No. 3:10-CV-256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011). To the extent the Lays' request for relief relies upon the

allegation BANA must own or hold the Note in order to enforce the Deed of Trust, their claim must be dismissed because this theory does not support it.

## CONCLUSION

The Lays' complaint fails to state a claim for relief. The Court therefore finds that BANA's Motion to Dismiss should be granted and the Lays' Original Complaint to Cancel Alleged Assignment and to Avoid Lien should be denied.

It is so ORDERED.

SIGNED 08/27/2013.

Richard S. Schmidt
United States Bankruptcy Judge